IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STEVEN CHRISTOPHER GRAY,** | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| | : | |
| vs. | : | NO. 12-5704 |
| | : | |
| **CAROLYN W. COLVIN, Acting** | : | |
| **Commissioner of Social Security,** | : | |
| **Defendant** | : | |

**O R D E R**

**AND NOW**, this 30th day of September, 2014, upon consideration of the plaintiff's request for review (Document #6), the defendant's response thereto (Document #7), the plaintiff's reply (Document #8), and after careful review of the thorough and well-reasoned Report and Recommendation of United States Magistrate Judge Elizabeth T. Hey (Document #11), IT IS HEREBY ORDERED that:

1. The plaintiff's objections[1] (Document #12) are OVERRULED.

2. The Report and Recommendation is APPROVED and ADOPTED.

3. The plaintiff's request for review is DENIED.

4. Judgment is entered in favor of the Commissioner and against the plaintiff.

The Clerk of Court is directed to mark this case CLOSED for statistical purposes.

BY THE COURT:

/s/ Lawrence F. Stengel
LAWRENCE F. STENGEL, J.

---

[1] After *de novo* review, I find that the record supports Judge Hey's conclusion that the Administrative Law Judge properly evaluated the plaintiff's mental impairments as severe, but not equaling a listed impairment. The evidence showed that the claimant had received treatment for his mental impairments in the form of medication management, yet had only recently begun psychotherapy. Judge Hey also properly noted that the ALJ did not ignore the claimant's continued symptoms, because the ALJ found the claimant's mental impairments were severe. Further, the claimant's residual functional capacity determined by the ALJ was supported by substantial evidence in the record, as discussed by Judge Hey. Finally, I find that Judge Hey properly found that the ALJ's credibility assessment was supported by substantial evidence. The claimant's symptoms that were inconsistent with the ALJ's residual functional capacity determination were not supported by the record. Accordingly, I will overrule the objections.